IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARTHUR CHRISTOPHER DORMANN** : | CIVIL ACTION |
| : | |
| v. : | NO. 23-3520 |
| : | |
| **SOUTHEASTERN PENNSYLVANIA** : | |
| **TRANSPORTATION AUTHORITY,** : | |
| **KATE O'CONNOR, JOHN** : | |
| **WOJCHIECHOWSKI** : | |

## MEMORANDUM

**MURPHY, J.**                                                                                           January 6, 2025

As it is often said, summary judgment is time to put up or shut up. Allegations alone might get a case into discovery, but to survive summary judgment, those allegations need to be backed up by evidence gathered during the process sufficient to allow a jury to render a supported and non-speculative verdict. This case is about whether Arthur Christopher Dormann's employer denied him promotions because of his age or because of his interview performance, among other legitimate reasons. While Mr. Dormann's claims were sufficient to survive the motion to dismiss stage, he was not able to substantiate them during discovery. Therefore, summary judgment is warranted.

**I.      Background**

Mr. Dormann began working for the Southeastern Pennsylvania Transportation Authority ("SEPTA") in 1980 and currently holds the position of Assistant Director of Maintenance in the Buildings and Bridges department. Mr. Dormann alleges that, beginning in 2012, he was continually denied promotions because of his age. He filed a formal charge with the Equal Employment Opportunity Commission ("EEOC") in November 2022, alleging age discrimination and retaliation under the Age Discrimination in Employment Act (ADEA).

Following the EEOC's dismissal of his claim, Dormann initiated this lawsuit.

Mr. Dormann alleges two claims in this action: (1) employment discrimination for failure to promote based on age in violation of § 626 of the Age Discrimination in Employment Act ("ADEA"), and (2) retaliation under § 623(d) of the ADEA. *See* DI 1 ¶¶ 137-50. Mr. Dormann brings these allegations against SEPTA, Kate O'Connor, and John Wojchiechowski. Defendants moved for summary judgment on all claims against all defendants.

As a preliminary matter, there is a dispute over which promotion denials are actionable under the first claim. Defendants assert that Mr. Dormann's claims may only be based on the denial of Mr. Dormann's promotion to director in Summer 2022. Defendants argue that any other alleged incidents are barred either because they occurred more than 300 days before the initiation of this lawsuit (i.e., before January 14, 2022), or because Mr. Dormann did not exhaust claims involving such incidents through EEOC charges. DI 33-2 at 6-8; DI 38 at 3-4. But Mr. Dormann insists that he has eight claims of discrimination based on failure to promote. DI 37 at 2-3. And although Mr. Dormann conceded that all claims based on acts prior to January 2022 are time-barred, he argues that acts occurring after January 17, 2022, are timely and that time-barred acts are relevant as background evidence. *Id.*

The only two alleged instances of discrimination by failure to promote — identified in the complaint and not conceded as untimely — are the denials of promotion to director in Spring 2022 and Summer 2022. *See* DI 1 ¶¶ 91-113. As a general principle, a plaintiff is not permitted to amend his complaint through arguments made in opposition briefs to a summary judgment motion. *Greene v. V.I. Water & Power Auth.*, 557 F. App'x 189, 193 (3d Cir. 2014). Defendants object to any new claims advanced at this stage, and since Mr. Dormann has not

2

sought to amend his complaint under Rule 15, we will not consider any other acts identified in the briefing as bases for age-related discrimination claims.  *See* DI 38 at 3-4.

Thus, relevant to this motion, the only two positions for which Mr. Dormann applied were referenced in the EEOC charging document, and Mr. Dormann became aware of the decisions to promote other candidates in 2022.  DI 33-4 at 97-99 (identifying the application for Director of Maintenance B&B, City Division and Suburban Division which was given to Ray Oczkowski in 2022, and the application for Director of Maintenance B&B Railroad Division in 2022 which was given to Harry McCrossin); *see* DI 33-4 at 4 (showing applications in October 2021 and May 2022); DI 37-3 at 6 (internal SEPTA email on April 12, 2022 announcing Ray Oczkowski's promotion to "Director CTD/STD Bridges and Buildings"); *Diaz v. City of Philadelphia*, No. 07-4598, 2009 WL 10737079, at *2 (E.D. Pa. Sept. 16, 2009) (assessing timeliness of an ADEA based on the date the plaintiff learned that he was denied a promotion). We will therefore evaluate those two denials — for promotion to Director of Maintenance Buildings & Bridges, City Division and Suburban Division[1] and Director of Maintenance Buildings & Bridges, Railroad Division — in 2022 as allegedly discriminatory acts under the

---

[1] The job listing for the Director of Maintenance B&B, City Division and Suburban Division position to which Mr. Dormann applied was removed and reposted before a candidate was selected, according to an email by Mr. Dormann.  *See* DI 33-4 at 5-6, 87.  Mr. Dormann seemingly did not apply for the position when it was reposted.  *See Id.*  While it is questionable whether this set of facts can constitute an adverse employment action, as we address in the next footnote, we will at least not dismiss this as untimely.  *See Nwaebube v. Emp. Sec. Comm'n of N. Carolina*, No. 09-395, 2011 WL 4072893, at *2 (E.D.N.C. Sept. 13, 2011) (finding a decision to repost a job listing constituted an adverse employment action, but only because the addition of another candidate in the second pool affected the plaintiff's chances of promotion); *Evans v. Sebelius*, 716 F.3d 617, 618-21 (D.C. Cir. 2013) (finding that the canceling of a promotion for a minority employee constituted an adverse employment action in a Title VII case when the promotion opportunity was not reopened and at least three other white employees were promoted during the relevant period).

ADEA.

## II. Analysis

A movant is entitled summary judgment if it demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment based on the absence of a dispute of material fact "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the relevant portions of the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that showing is made, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "The non-movant is entitled to all reasonable inferences in its favor." *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990). "Rest[ing] on the mere allegations" in the pleadings is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). The non-moving party need not "produce evidence in a form that would be admissible at trial," but it must present specific facts that "are capable of proof through admissible evidence." *J.F. Feeser*, 909 F.2d at 1542.

### A. Employment discrimination claim

The Age Discrimination in Employment Act (ADEA) prohibits employers from discriminating against individuals aged 40 and older based on age in promotion and other employment actions. *See* 29 U.S.C. §§ 621-24. Failure to promote claims are discrete acts, and each creates a separate actionable claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). A plaintiff asserting an ADEA claim based on discrimination must show that age

4

was the "but-for" cause of the employer's adverse action (*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009)).  A plaintiff may do so either by establishing a prima facia case or by proffering direct evidence.  *See Gress v. Temple Univ. Health Sys.*, 784 F. App'x 100, 104 (3d Cir. 2019) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination.").

> a. **Mr. Dormann did not establish a prima facie case of age discrimination under the ADEA because there is no evidence of other employees ages, and he cannot demonstrate pretext.**

To establish a prima facie case of age discrimination under the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), plaintiffs must demonstrate that: (1) they are at least 40 years old; (2) they were qualified for the position; (3) they suffered an adverse employment action; and (4) the adverse action occurred under circumstances that give rise to an inference of age discrimination, such as the by showing that a "substantially younger" individual was selected for the position (*Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996)).

Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action.  *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981).  This burden is "exceedingly light" and does not require the employer to persuade the court that its action was justified, only that it had a legitimate rationale.  *Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir. 2000)).

If the employer provides a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff to prove that the employer's stated reason was pretextual. To demonstrate pretext, the plaintiff must show either: (1) the proffered reason is "unworthy of credence" due to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons," or; (2) discriminatory intent was more likely than not the motivating reasoning for the adverse action. *Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108-09 (3d Cir. 1997) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)).

Mr. Dormann cannot establish a prima facie case of discrimination under the ADEA because he has not identified evidence that establishes that either Ray Oczkowski or Harry McCrossin — the candidates who were given the promotion for which Mr. Dormann was denied — were significantly younger such that an inference of discrimination can be drawn. The only evidence related to this prong is Mr. Dormann's averment that "Ray Oczkowski is also significantly younger than me and between 13 and 15 years younger." DI 36-2 ¶ 31.  And Mr. Dormann has not identified any evidence at all establishing Harry McCrossin's age.  Although Mr. Dormann's declaration may be relied upon to oppose summary judgment, Mr. Dormann's guess at Ray Oczkowski's age is mere speculation that cannot support an inference of discrimination.  In *Martinez*, cited by Mr. Dormann, the plaintiff was able to defeat a ***motion to dismiss*** simply by alleging that his replacements were significantly younger without providing exact ages. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 267 (3d Cir. 2021).  The Third Circuit permitted this because "[d]iscovery should reveal the replacements' exact ages, confirming or putting to rest that allegation." *Id.*  In this case, discovery is over.  Mr. Dormann apparently did not depose Ray Oczkowski or Harry McCrossin or collect any other evidence of

6

their ages, and we cannot permit a jury to base its decision on nothing but Mr. Dormann's speculation. *See Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) ("The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." (quoting *Anderson,* 477 U.S. at 252 (1986))).[2]

    Setting aside Mr. Dormann's inability to establish a prima facie case of discrimination, he is also unable to establish pretext for the failure to promote him to the Director of Maintenance Buildings & Bridges, Railroad Division in 2022. Defendants have met their "exceedingly light" burden to establish a non-discriminatory reason not promoting Mr. Dormann. *See Stanziale*, 200 F.3d at 105. Defendants adduced evidence that Mr. Dormann was not promoted because he scored lower than other candidates based on responses to interview questions (SEPTA's promotion procedures indicate that hiring decisions are made based on those scores). *See* DI 33-4 at 12, 25, 40, 53-77 (showing that Mr. Dormann received a lower interview score than Harry McCrossin and was not selected for that reason); *Eaddy v. Pa. Dept. of Pub. Welfare Berks Cnty. Assistance Off.*, No. 04-5909, 2006 WL 724564, at *6 (E.D. Pa. March 20, 2006) ("Reliance on an interview score to deny an employee promotion qualifies as a legitimate, non-discriminatory reason for an adverse employment action."). "To establish

---

[2] Entirely independently, we also conclude that removal and reposting of the job listing, and promotion of Ray Oczkowski to Director of Maintenance B&B, City Division and Suburban Division, does not constitute an adverse employment action sufficient to support a ADEA claim based on inference. Mr. Dormann did not apply when the job was reposted and does not provide an explanation for why he did not do so. If Mr. Dormann had applied, his chances of receiving the promotion could have been greater because there were fewer candidates in the second pool. DI 33-4 at 5-6. It is also difficult to understand how Ray Oczkowski's promotion could support a prima facie case under the *McDonnell Douglas* framework when he was never in the same candidate pool as Mr. Dormann.

pretext, [the plaintiff] must provide enough evidence such that a factfinder could 'infer that each of the employer's proffered non-discriminatory reasons . . . was either a post hoc fabrication or otherwise did not actually motivate the employment action . . . .'" *Gress v. Temple Univ. Health Sys.*, 784 F. App'x 100, 104 (3d Cir. 2019) (quoting *Fuentes*, 32 F.3d at 765 (emphasis removed)). Mr. Dormann identified no evidence calling into question the interview results, which were created prior to the decision to promote Harry McCrossin, or suggesting that the results were not relied upon in denying Mr. Dormann's promotion. Mr. Dormann asserts that he is the most qualified candidate because of his tenure, but SEPTA's procedures make clear that experience alone is not the deciding factor in promotion decisions. DI 37 at 8, 10-12.[3]

Mr. Dormann also claims that "there are age-based circumstances that give rise to discriminatory motives including the ageist comments from decision-makers, particularly Kate O'Connor, who expressed a preference for younger employees who would 'be around longer,' [which] are direct evidence of age bias." *Id.* at 10-11. The only evidence that we could find in the record related to this assertion is Mr. Dormann's deposition testimony where he claims that in 2019 an unidentified Senior Director told him that Kate O'Connor said that "she wanted somebody who was going to be around for a longer period of time." DI 38-1 at 3-4. While this testimony alludes to facts that might support an inference of discriminatory intent, at least in 2019, it cannot forestall summary judgment. "Hearsay evidence . . . opposing summary judgment may be considered if the out-of-court declarant could later present the evidence

---

[3] Mr. Dormann also claims that we should look at the other untimely denials of promotion as background evidence that could support pretext. DI 37 at 10-12. While it may be true that we can look at "prior acts as background evidence to support a timely claim," there is no reason to think that the other denials were because of his age and thus they do not affect our analysis. *Morgan*, 536 U.S. at 113.

through direct testimony, i.e., in a form that would be admissible at trial." *J.F. Feeser*, 909 F.2d at 1542 (quotation omitted). Mr. Dormann did not identify the Senior Director who made the statements to him, so we have no way of knowing whether that person could or could not testify at trial.[4] Further, Mr. Dormann did not depose Kate O'Connor and there is no other evidence of the alleged statements. The Senior Director's statements are therefore inadmissible hearsay within hearsay.

### b. Kate O'Connor's statements in 2019 cannot serve as direct evidence of discrimination because they are inadmissible hearsay within hearsay.

Mr. Dormann correctly argues that establishing the prima facie case under the *McDonnell Douglas* framework is not the only way to defeat summary judgment. Mr. Dormann could also do so by presenting direct evidence of discrimination. But Mr. Dormann offers only the same 2019 statements allegedly made by Kate O'Connor in 2019 described in the prior substantive paragraph as direct evidence. For the same reasons as above, the statements represent inadmissible hearsay testimony by an unidentified Senior Director, which cannot be presented at trial.

Furthermore, these statements are not strong enough to be direct evidence of discrimination because "the trier of fact must *infer* the discrimination on the basis of age from [the] employer's remarks." *Mitchell v. Univ. of Pittsburgh*, No. 22-2876, 2023 WL 8596653, at *1 (3d Cir. Dec. 12, 2023) (quoting *Torre v. Casio, Inc.*, 42 F.3d 825, 829 (3d Cir. 1994)). The statements by the unidentified Senior Director, made two years prior to any actionable employment decision, indicate that Kate O'Connor was looking for candidates who would "be

---

[4] Mr. Dormann has not provided Rule 26(a) Disclosures in this case despite our order to him to do so on June 18, 2024. *See* DI 38 at 9 n.7; DI 21.

around for a longer period of time." DI 38-1 at 3-4. Although the timing of the statements is not determinative, concluding that Mr. Dormann would not have been denied promotion "but-for" his age requires the trier of fact to infer age discrimination, as the statements are general and not specific to Mr. Dormann's actionable claims. *See Fakete v. Aetna, Inc.*, 308 F.3d 335, 339 (3d Cir. 2002) (applying the overturned *Price Waterhouse* standard but finding that "statements are not made at the same time as the adverse employment decision" could be direct evidence); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178-80 (2009) (rejecting the contention that *Price Waterhouse* controls in ADEA cases because it improperly shifts the burden of persuasion, and reiterating that the plaintiff must prove "that age was the 'but-for' cause of the challenged adverse employment action"). The statements by the unidentified Senior Director that Kate O'Connor was looking for a candidate who will "be around for a longer period of time" cannot prove that Mr. Dormann was denied promotions in Spring 2022 and Summer 2022 because of age without "without inference or presumption." DI 38-1 at 3-4; *Torre*, 42 F.3d at 829. Moreover, such a preference does not necessarily indicate that age was a factor of any employment decision and could instead indicate a preference for a candidate who is interested in remaining in the position for a long time, regardless of age. For example, a candidate at any age could not "be around for a long[] period of time" if they have indicated an intent to move to a new place or a displeasure for working for SEPTA generally. DI 38-1 at 3-4.

**B. The retaliation claim and ADEA claims against the individual defendants, Kate O'Connor and John Wojciechowski are unsustainable**

Defendants argue that we must grant summary judgment against Mr. Dormann's retaliation claim because he cannot establish a prima facie case and cannot establish pretext. DI 33-2 at 10-14. Mr. Dormann does not respond to this argument in his opposition and does not

10

advance facts that demonstrate a prima facie case of retaliation.  Mr. Dormann has thus abandoned his retaliation claim, and we grant summary judgment in favor of the defendants. *See Hackett v. Cmty. Behav. Health*, No. 03-6254, 2005 WL 1084621, at *6 (E.D. Pa. May 6, 2005), *aff'd*, 171 F. App'x 968 (3d Cir. 2006) (deeming claims abandoned after failure to responded to arguments in a summary judgment motion).

Defendants also argue that we must grant summary judgment in favor of Kate O'Connor and John Wojciechowski as individuals because the ADEA does not permit individual liability. DI 33-2 at 14-15.  Mr. Dormann failed to respond to this argument, and Defendants are correct that Kate O'Connor and John Wojciechowski should be dismissed as defendants.  *See* DI 38 at 2; *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) ("The ADEA does not provide for individual liability.").  The complaint indicates that its only two claims are "Against Corporate Defendants Only," while there is only one corporate defendant in this case, this presumably means that there are no counts asserted against Kate O'Connor and John Wojciechowski because, of course, they are not corporations.  DI 1 at 14-15.  But because Kate O'Connor and John Wojciechowski are listed in the case caption despite having no claims asserted against them as individuals, to avoid any ambiguity, we will grant summary judgment in favor of Kate O'Connor and John Wojciechowski related to any claims under the ADEA by Mr. Dormann directed to them.

### III. Conclusion

For the above reasons, we grant summary judgment in favor of defendants on all claims.